IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| TRACEY J. ELLIS, | ) |
| Plaintiff, | ) Case No. 07 C 5405 |
| | ) Hon. George W. Lindberg |
| v. | ) |
| JOHN BRADLEY, et al., | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Before the Court are plaintiff Tracey Ellis ("Ellis") and defendant JP Morgan Chase's ("Chase") cross-motions for summary judgment. For the reasons set forth more fully below, Chase's motion for summary judgment is granted and Ellis' motion for summary judgment is denied. Judgment is entered in Chase's favor and this case is terminated.

*I. Background*

In June 2007, vexatious *pro se* litigant Tracey Ellis[1] sought leave from this Court's Executive Committee to file a complaint against three employees of Chase for alleged employment discrimination. The Executive Committee granted Ellis leave to file her complaint

---

[1]In June 2000, the Executive Committee for the United States District Court for the Northern District of Illinois found Ellis to be a vexatious litigant, whose filing practices were burdensome to the court. *See In re Ellis*, No. 00 C 3463. Prior to that finding, Ellis filed at least six frivolous lawsuits *pro se* in this court. *See Ellis v. Blood Systems, Inc.*, 94 C 127 (J. Zagel); *Ellis v. Rabjohn Financial, et al.*, 97 C 5154 (J. Lindberg) (dismissed with prejudice as a sanction for plaintiff's behavior in court); *Ellis v. Robjohn Financial, et al.*; 99 C 54 (J. Lindberg); *Ellis v. Smith Rothchild Financial Co., et al.*, 99 C 4692 (J. Zagel); *Ellis v. Smith Rothchild Financial Co., et al.*, 00 C 2219 (J. Gettleman); *Ellis v. Great Expectations ,et al.*, 00 C 2438 (J. Shadur). After the Executive Committee's order, Ellis attempted, unsuccessfully, to file more than ten additional cases *pro se*. The instant case is the first case the Executive Committee allowed Ellis to file since June 2000.

on September 20, 2007. Over Ellis' objection[2], the court appointed attorney E. Angelo Spyratos ("Spyratos") to represent her. On March 12, 2008, Ellis' counsel filed an amended complaint, naming Chase as the sole defendant. In the amended complaint, Ellis alleged that Chase failed to hire her based on her race. Specifically, Ellis claimed that Chase declined to interview or hire her for two open positions because she is African-American, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* (Title VII").

On August 27, 2008, the Court granted attorney Spyratos leave to withdraw his appearance on behalf of Ellis. For the duration of his nearly six-month appointment, Spyratos provided Ellis, a difficult and demanding client, with professional and competent counsel. However, in August 2008, Ellis levied meritless accusations of unprofessional and disrespectful conduct against Spyratos. In light of Ellis' unsubstantiated allegations and the irreconcilable differences those allegations caused between Ellis and Spyratos, the Court allowed Spyratos to withdraw his appearance. After Ellis' conduct toward Spyratos, the Court declined to appoint Ellis new counsel. On December 17, 2008, Ellis filed her motion for summary judgment *pro se*. That same day, Chase filed its motion for summary judgment.

## II. Ellis' Motion for Summary Judgment

First, the Court turns to Ellis' motion for summary judgment. Ellis' statement of facts in support of her motion for summary judgment does not comply with the requirements of Local Rule 56.1(a). Ellis' statement of facts does not consist of *short* numbered paragraphs. Instead,

---

[2]After receiving notice that the Court appointed attorney E. Angelo Spyratos to represent her in this case, Ellis called a member of the Court's staff on the telephone and requested the appointment of a different attorney. Ellis told the staff member that based on Spyratos' name, she believed he was a "foreigner" and was not competent to handle her case. Ellis asked the staff member to appoint an "American" attorney to represent her.

many of Ellis' numbered statements consist of multiple paragraphs with no supporting citations to affidavits or other parts of the records. For example, statement number 4 in Ellis' statement of facts consists of four paragraphs and at least fifteen sentences. Many of those sentences contain impermissible legal conclusions, argument and speculation and some sentences are objectively false. *See Jupiter Aluminum Corp. v. Homes Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000). Because Ellis' statement of facts does not comply with the requirements of Local Rule 56.1, it is stricken and her motion for summary judgment is denied. This is a result the Seventh Circuit repeatedly has sustained. *See Midwest Imports, Ltd v. Coval*, 71 F.3d 1311, 1316 (7th Cir. 1995)(citing cases).

### III. *Chase's Motion for Summary Judgment*

#### A. *Relevant Facts*

Next, the Court turns to Chase's motion for summary judgment. The relevant facts follow. In February 2005, Ellis visited Chase's internet-based career website and established a user account ("account"). That account allowed Ellis to complete an online application for employment with Chase. Ellis completed an application and included information about her education, employment history, work experience and skills. Between February 2005 and the present, Ellis repeatedly logged into her account to update or modify her information and to apply for various jobs at Chase. Ellis never revealed the username or password associated with the account to anyone. Without a verified user name and password, information in the account cannot be modified. Chase employees could not add, delete, or modify any personal information in Ellis' account or online application.

The online application included a space for optional and voluntary information about an

3

applicant's racial background. Ellis chose to provide information regarding her African-American racial background, but Chase staffing personnel could not view or access that information. Chase requests the optional racial background information solely for the purpose of Equal Employment Opportunity reporting. Other than providing her racial background information on her on-line application, Ellis never disclosed her race to any Chase employees involved in her application process. Since February 2005, Ellis applied for 16 positions at Chase. All of those applications were submitted electronically, through Chase's website.

On January 1, 2007, Ellis applied for the two specific positions at issue in this case. The first position was for a Customer Service Representative ("CSR"), job # 070001119. The second position was for a Sales and Service Associate ("SSA"), job # 070000066. On January 9, 2007, a Chase staffing manager, Elizabeth Masching ("Masching"), conducted a pre-screening telephone interview with Ellis. During the pre-screening interview, Ellis requested that Masching assign her to a male manager. Ellis told Masching that she had experienced repeated conflict issues with female supervisors in past jobs. After the pre-screening interview, Masching noted Ellis' conflict issues with female managers in her application records. Those records were accessible to other Chase staffing professionals.

Chase has an established non-discrimination policy that precludes discrimination based on sex, race, and other protected classifications. Because Ellis' request to be managed by only male supervisors was not consistent with Chase's non-discrimination policy, her applications did not progress past the pre-screening interview phase.

The candidate Chase hired for the vacant SSA job was an African-American female, who previously worked at Bank One, a predecessor to Chase, and had a positive work history. That

candidate had four years of consecutive retail banking experience, which was a preferred qualification of the SSA position. At the time of her application, Ellis did not have any previous retail banking experience.

The candidate Chase hired for the vacant CSR job was a Caucasian male, who had more than two years of experience as a CSR for US Bank. That candidate's role at US Bank was nearly identical to the CSR role at Chase. The candidate also had familiarity with ATM and debit card transactions, which Chase considered preferred qualifications for the CSR position. At the time of her application for the CSR position, in addition to lacking any previous retail banking experience, Ellis also lacked experience with ATM and debit card transactions.

Around February 5, 2007, Ellis began calling the Chase staffing department to inquire about the status of her on-line job applications. Ursula Yanef ("Yanef"), a Chase staffing coordinator, answered Ellis' telephone calls. Yanef's job duties included answering telephones, providing customer support and general receptionist functions for the Chase staffing department. Yanef did not have any authority or responsibilities with respect to hiring decisions. Ellis telephoned Yanef a number of times between February 5, 2007 and February 7, 2007, and left her four voice messages. Rick Joers ("Joers"), a member of Chase's employee relations department, deemed those voice messages to be abusive and threatening.

The next week, February 13, 2007, Ellis wrote a letter to John Bradley ("Bradley"), Chase's Director of Human Resources, stating that Chase's pre-screening methods were not fair. The letter also stated "I am requesting that you reassign my job needs to a male recruiter. Based on my previous work history. [sic] I have had greater success working with a male Supvr. [sic]" Joers investigated the allegations in Ellis' letter. On February 28, 2007, he telephoned Ellis to

discuss the results of his investigation and explain why Ellis did not progress past the pre-screening interview. During the telephone call, Ellis threatened to report Joers to his supervisors, have him terminated, and file a charge with the Equal Employment Opportunity Commission. She also told Joers "[y]ou are lying, you dumb, white, retarded people there."

### B. *Legal Analysis*

To succeed on a motion for summary judgment, the moving party must show that the pleadings, depositions, answers to interrogatories, and admissions on file, together with any admissible affidavits do not create a genuine issue of material fact and that it is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must construe all facts in the light most favorable to the non-moving party, Ellis, and must view all reasonable inferences in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Ellis claims Chase did not hire her for the CSR and SSA positions because she is African-American, in violation of Title VII. There is no evidence in the record, under either the direct or indirect method of proof, that Chase discriminated against Ellis based on her race. Under the so-called "direct method" of proving discrimination, Ellis can survive a motion for summary judgment by introducing direct or circumstantial evidence of discrimination. *Blise v. Antaramian*, 409 F.3d 861, 866 (7th Cir. 2005). Direct evidence of discrimination would amount to an admission by Chase that it did not hire Ellis because she was African-American. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 610 (7th Cir. 2006). Ellis could also prevail under the direct method of proof by citing to circumstantial evidence that points directly to a discriminatory reason for Chase's decision not to hire her. *Koszola v. Bd. of Educ. of City of*

*Chgo.*, 385 F.3d 1104, 1110 (7th Cir. 2004).

Ellis has not cited to any direct or circumstantial evidence of discrimination. In fact, the Chase employees involved in the decision not to invite Ellis for a face-to-face interview for the CSR and SSA positions, did not know her race. Ellis never disclosed her race to any Chase staffing employees and those employees could not access racial information Ellis volunteered in her online application. Because Chase employees did not know Ellis' race at the time they decided not to invite her for a face-to-face interview, Ellis, as a matter of law, cannot establish a prima facie case of racial discrimination under the direct method of proof.

Ellis also cannot establish a prima facie case of racial discrimination under the indirect method of proof. Under this method, Ellis must show: (1) she belonged to a protected group; (2) she applied for and was qualified for a position at Chase; (3) she was rejected for the position; and (4) Chase hired a person outside of her protected class, with similar or less qualifications for the position. *Pafford v. Herman*, 148 F.3d 658, 669 (7th Cir. 1998)(failure to promote). Chase hired an African-American female for the SSA job, so Ellis cannot meet the fourth prong of test for the indirect method of proof as to the SSA job.

Ellis' claim as to the CSR job also fails because she was not qualified for that position. In the pre-screening telephone interview for the CSR position, Ellis indicated that she did not want to work for a female manager. Ellis reiterated that position in the letters she sent to various Chase employees and in the complaint she filed in this case. Ellis' preference not to work for female supervisors conflicted with Chase's non-discrimination policy and rendered her unqualified for any position at Chase, including the CSR position.

Additionally, Ellis was not similarly or more qualified than the Caucasian male Chase

7

hired for the CSR position. The successful application had more than two years of prior work experience as a CSR at US Bank, a role nearly identical to the position at Chase. The candidate also had familiarity with ATM and debit card transactions, which Chase considered preferred qualifications for the position. At the time of her application for the CSR position, Ellis had no prior retail banking experience, or experience with ATM and debit card transactions. Accordingly, Ellis was not similarly or more qualified than the successful candidate for the CSR position and she cannot establish race discrimination under the indirect method of proof.

## IV. Conclusion

There is no evidence – direct, indirect, or otherwise – in the record before the Court that Chase discriminated against Ellis in violation of Title VII. Therefore, Chase's motion for summary judgment is granted and this case is terminated. Chase is a prevailing party under Federal Rule of Civil Procedure 54 and may be entitled to an award of the costs it incurred in this case.

**ORDERED:** Plaintiff's motion for summary judgment [88] is denied. Defendant's motion for summary judgment [89] is granted. Judgment is entered in defendant JP Morgan Chase Bank, N.A.'s favor. This is a final and appealable order, terminating the case.

E N T E R:

George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

DATED: January 23, 2009